IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOHAMMED SIDDIQUI, § <br> A#072568589, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> ICE-DHS, et al., § <br> § <br> Respondents. § | No. 3:22-cv-02529-G (BT) |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION** <br> **OF THE UNITED STATES MAGISTRATE JUDGE**

Mohammed Siddiqui filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his period of detention at the Prairieland Detention Center in Alvarado, Texas, pending his removal from the United States. But Siddiqui was removed from the United States on December 20, 2022, and he is no longer in federal custody. *See* Resp. Ex. A (ECF No. 16). Therefore, the Court should DISMISS the petition as moot.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U. S. 9, 12 (1992) (citing *Mills v. Green*, 159 U. S. 651, 653 (1895)); *United States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). Here, Siddiqui challenged his detention in the custody of the U.S. Immigrations and Custom Enforcement agency (ICE) prior to his removal from the United

States. However, Siddiqui has been removed from the country and is no longer in ICE custody. Therefore, the Court cannot grant him the relief he seeks. The Court should dismiss his petition as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam) (dismissing a § 2241 petition as moot after the petitioner's release where "the thrust of [the] petition [was] to be released from confinement"); *see also United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam) ("If the only relief sought by [a petitioner] cannot be granted, the case is moot.").

SO RECOMMENDED.

Signed January 5, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U. S. C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).